**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

MAR 20 2023

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENDRICK LUCAS, | No. 21-55385 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-01366-JGB-KK |
| v. | |
| WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2005-AR19 TRUST, AKA WAMU 2005-AR19; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted March 14, 2023**

Before:   SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Hendrick Lucas appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims arising out of a foreclosure.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed Lucas's action because the action constitutes a forbidden "de facto appeal" of a prior state court judgment and raises claims that are "inextricably intertwined" with that judgment, and because Lucas did not allege facts sufficient to show that any alleged fraud on the court affected the state court judgments. *Id.* at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* barred plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void"); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (discussing the extrinsic fraud exception to the *Rooker-Feldman* doctrine).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**